# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**MELISSA K. LEYES,**

    **Plaintiff,**

**-vs-**                   **Case No.  3-:04-CV-120**

**SUNRISE SENIOR LIVING, INC.,**

                      **Judge Thomas M. Rose**

    **Defendant.**

___

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. #10.)**
___

   This matter arises from the termination of the employment of Plaintiff Melissa K. Leyes (Leyes) by Defendant Sunrise Senior Living, Inc. ("Sunrise"). As a result, Leyes brings three claims against Sunrise. Count I of her Complaint is for violation of Ohio public policy. Count II of Leyes' Complaint is for intentional infliction of emotional distress ("IIED") and Count III is for punitive damages.

   Leyes' Complaint was initially filed in the Common Pleas Court of Montgomery County, Ohio. It was subsequently removed to this Court by Sunrise based upon the federal removal statute and diversity jurisdiction pursuant to 28 U.S.C. §1332(a).

   Now before the Court is Sunrise's Motion for Partial Summary Judgment. (Doc. #10.) Leyes' has submitted a Memorandum In Opposition. (Doc. #11.) The time has run and Sunrise has not submitted a reply memorandum. Sunrise's Motion is, therefore, ripe for decision. The standard of review for motions for summary judgment will first be set forth followed by an analysis of Sunrise's Motion.

**STANDARD OF REVIEW**

The standard of review applicable to motions for summary judgment is established by Federal Rule of Civil Procedure 56 and the associated caselaw. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). Thus, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply

show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Anderson*, 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affiants are more credible. 10A Wright & Miller, *Federal Practice and Procedure*, §2726. Rather, credibility determinations must be left to the fact-finder. *Id.*

Finally, in ruling on a motion for summary judgment, "[a] district court is not …obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties. The Rule 56 evidence includes the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted. Fed. R. Civ. P. 56(c).

In addition to applying the federal procedural standard for motions for summary judgment, as a federal court located in Ohio exercising diversity jurisdiction, this Court must apply Ohio substantive law unless the law of another state is specifically implicated. *Hisrich v. Volvo Cars of N. America, Inc.*, 226 F.3d 445, 449 (6th Cir. 2000). Specifically, this Court must

apply the substantive law of Ohio "'in accordance with the then-controlling decision of the highest court of the state.'" *Imperial Hotels Corp. v. Dore*, 257 F.3d 615, 620 (6th Cir. 2001) (quoting *Pedigo v. UNUM Life Ins. Co.*, 145 F.3d 804, 808 (6th Cir. 1998)). Also, to the extent that the highest court in Ohio has not addressed the issue presented, this Court must anticipate how Ohio's highest court would rule. *Id.* (quoting *Bailey Farms. Inc. v. NOR-AM Chem. Co.*, 27 F.3d 188, 191 (6th Cir. 1994)). The analysis now turns to Sunrise's Motion for Partial Summary Judgment.

## ANALYSIS

Sunrise seeks summary judgment on Leyes' IIED and punitive damages claims. Each will be addressed in turn.

### Count II: IIED

In Count II of her Complaint, Leyes alleges that Sunrise's termination of her employment caused serious emotional distress to her. The alleged injuries include embarrassment, mental anguish, loss of reputation, loss of self-esteem, and other harm. Sunrise argues that Leyes cannot satisfy all of the elements of an IIED claim. Leyes offers no response to Sunrise's Motion regarding Count II of her Complaint.

To recover on her IIED claim, Leyes must show that (1) Sunrise intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress; (2) that Sunrise's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) that Sunrise's conduct was the proximate cause of her psychic injury; and (4) that her emotional distress was serious and of such a nature that no reasonable person

could be expected to endure it. *Ekunsumi v. Cincinnati Restoration, Inc.*, 698 N.E.2d 503, 506 (Ohio Ct. App. 1997).

Under Ohio law, a cause of action for IIED may only lie where the Defendant's conduct goes "beyond all possible bounds of decency," is "atrocious" and is "utterly intolerable in a civilized community." *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousement & Helpers of America*, 453 N.E.2d 666, 671 (Ohio 1983). Conduct that is merely malicious, aggravated, or intentional or that entails an intent that is tortious or criminal is not necessarily actionable. *Id.* In an example that is particularly relevant to this issues in this case, a former employee cannot recover IIED damages from his or her previous employer for the intentional infliction of serious emotional distress allegedly caused by the employee's discharge from his or her at-will employment. *Id.*

Sunrise argues that Leyes cannot prove any of the elements of an IIED claim but only presents evidence and argument regarding two of the elements. Each will be addressed.

(2) Extreme and Outrageous Conduct

Leyes' Complaint indicates that the termination of her employment caused the severe emotional distress. (Compl. ¶12.) Leyes identifies no evidence to support this allegation nor does she identify an additional causes in her Response to Sunrise's Motion.

Sunrise identifies evidence that Leyes says that she was yelled at and harassed in a single telephone conversation with a supervisor on September 15, 2003. (Leyes Dep. at 185-86.) The supervisor called to question Leyes' absence from work. (Id.) Sunrise also identifies Leyes' testimony that there was nothing extreme or outrageous about the termination letter that she received from Sunrise. (Id. at 206-08.)

Sunrise has informed the court of the basis for its motion on this element and identified those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. The burden then shifts to Leyes to set forth specific facts showing that there is a genuine issue for trial. Leyes has not responded to this burden.

Termination of employment and one allegedly harassing telephone call is not extreme and outrageous conduct. There are no genuine issues of material fact and Leyes has not presented evidence that Sunrise's conduct was extreme and outrageous.

(4) Severe Emotional Distress

Leyes' Complaint indicates that she "sustained pain and suffering, mental and emotional damages, lost wages, past and future loss of benefits." (Compl. ¶16.) However, Leyes has identified no evidence of these damages.

Sunrise argues that most all of Leyes' testimony on emotional distress relates to a dog bite that she received at work and not to the termination of her employment. Leyes complains of sleeplessness and nightmares after the dog bite and that she continues to be afraid of dogs. (Leyes Dep. at 228-29.) She is also embarrassed by the scar that remains on her arm from the bite. (Id. at 253.)

According to Sunrise, the only emotional distress Leyes discusses related to her actual termination is the stress of trying to find a job of comparable work and hours, embarrassment in front of those she supervised, the embarrassment of explaining her termination when she applies for another position and being nervous, crying, being depressed and staying in bed just after her termination. (Leyes Dep. at 228, 252-55.) However, Ohio courts and the Sixth Circuit have

found that discharge from at-will employment alone, is not enough to cause severe emotional distress. *Ekunsumi*, 698 N.E.2d at 506; *Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 376 (6th Cir. 1999).

Sunrise also argues that Leyes has not demonstrated severe emotional distress based upon the treatment that she received. Leyes testifies that when she reported her nightmares and sleeplessness to her doctor, she told him it was a continuing condition and not something new. (Leyes Dep at 231.) In addition, Leyes testifies that she began taking Xanax for her nervousness. (Id. at 232-33.) However, Xanax had been prescribed even before the dog bite and her termination. (Id. at 235-36.)

Finally, Leyes indicates that her health care providers for emotional distress and mental anguish are the physicians at Urgent Care and Dr. Earl Staddon, her family physician. (Plaintiff's Answers to Defendant's First Set of Interrogatories; Leyes Dep. at 225.) However, according to Sunrise, all documentation provided in discovery regarding Leyes' treatment by Urgent Care and Dr. Staddon was secondary to and a result of the dog bite.

Sunrise has informed the court of the basis for its motion on this element and identified those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. The burden then shifts to Leyes to set forth specific facts showing that there is a genuine issue for trial. Leyes has not responded to this burden.

The stress of trying to find a job of comparable work and hours, embarrassment in front of those supervised, the embarrassment of explaining the termination when applying for another position and being nervous, crying, being depressed and staying in bed just after termination is

not severe emotional distress for an at-will employee whose employment was terminated. Further, no evidence of treatment for severe emotional distress due to the termination of Leyes' employment has been identified. Therefore, there are no genuine issues of material fact and Leyes has not presented evidence that she suffered the severe emotional distress that is required for an IIED claim.

## Conclusion

Leyes has not presented any evidence that Sunrise's conduct was extreme or outrageous or that she suffered severe emotional distress. Further, the evidence presented by Sunrise shows that its conduct regarding Leyes' termination was not extreme or outrageous or that Leyes suffered severe emotional distress due to the termination of her employment. Therefore, there are no genuine issues of material fact and Sunrise is entitled to judgment as a matter of law on Count II of Leyes' Complaint for IIED.

## **Count III: Punitive Damages**

In Count III of her Complaint, Leyes alleges that Sunrise's conduct regarding her termination was intentional and demonstrated malice, aggravated or egregious fraud, oppression and insult. (Compl. ¶18.) On summary judgment, Sunrise argues that Leyes cannot show that it acted maliciously in terminating her.

Leyes responds that Sunrise's behavior was motivated by ill will and argues that the ill will is shown by the creation of Sunrise's policy requiring her termination because of Sunrise's desire to reduce workers compensation claims. Leyes also responds that the Sunrise demonstrated ill will when she was terminated while she was unable to perform her duties due to a workplace injury.

Punitive damages are recoverable in Ohio. *Toole v. Cook*, Case No. 98AP-486, 1999 WL 280804 at *6 (Ohio Ct. App. May 6, 1999). However, punitive damages are awarded only upon a finding of actual malice and the burden is on the plaintiff to establish actual malice by clear and convincing evidence. *Id.*

The actual malice necessary for an award of punitive damages is "that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 512 N.E.2d 1174, 1176 (Ohio 1987). To satisfy the "conscious disregard" prong, the conduct must be regarded as "outrageous, flagrant and criminal." *Pelletier v. Rumpke Container Service*, 753 N.E.2d 958, 964 (Ohio Ct. App. 2001).

In this case, there is evidence that Leyes was terminated while she was on workers compensation leave. (Leyes Dep. at 206-08; Middlestetter Aff. ¶6.) She was on workers compensation leave because she had been bitten by a dog while at work. (Leyes Dep. at 195, 210.)

Sunrise presents evidence that Leyes was terminated because she had been given a set of tasks to complete by a certain date and did not complete those tasks. (Leyes Dep. at 143-44; Middlestetter Aff. ¶5.) Sunrise also argues that Leyes would not have been able to complete the tasks even if she would not have been bitten by the dog. (Middlestetter Aff. ¶5.)

While Leyes has not presented specific evidence that she was terminated for any reason other than the one given by Sunrise, she was, nevertheless, terminated while on leave for an injury that occurred at work. From this, a reasonable juror could conclude that Leyes was terminated in retaliation for taking workers compensation leave instead of for not completing

assigned tasks. Since actual malice is evidenced by a spirit of revenge, a reasonable juror could also conclude that Sunrise acted with malice when it terminated Leyes' employment while she was on workers compensation leave.

There are genuine issues of material fact and Sunrise is not entitled to judgment as a matter of law on Count III of Leyes' Complaint for punitive damages. However, there is more.

While punitive damages are recoverable in Ohio, no civil action may be maintained simply for punitive damages. *Moskovitz v. Mt. Sinai Medical Center*, 635 N.E.2d 331, 342 (Ohio 1994), *cert. denied*, *Figgie v. Moskovitz*, 513 U.S. 1059 (1994). Proof of actual damages in an underlying cause of action is a requirement before punitive damages may be awarded. *Id.* Therefore, a claim for punitive damages cannot stand alone. However, a plaintiff is required to place a defendant on notice that punitive damages are being sought. Fed.R.Civ.P. Rule 8(a).

In this case, Count III of Leyes' Complaint for punitive damages cannot stand alone and must be DISMISSED. Sunrise is entitled to judgment as a matter of law on Leyes' stand-alone Complaint for punitive damages. Sunrise's Motion for Summary Judgment on Count III of Leyes' Complaint for punitive damages is GRANTED, although not for the reason indicated by Sunrise. However, Leyes has put Sunrise on notice that she is seeking punitive damages with regard to Count I of her Complaint and Sunrise has failed to show that Leyes is not entitled to punitive damages.

**SUMMARY**

Leyes has not presented evidence to establish a prima facie case of intentional infliction of emotional distress. Therefore, Sunrise's Motion for Summary Judgment on Count II of Leyes' Complaint is GRANTED.

Count III of Leyes' Complaint for punitive damages cannot stand alone and is DISMISSED. Therefore, Sunrise's Motion for Summary Judgment on Count III of Leyes' Complaint is GRANTED to the extent that this Count is DISMISSED, although not for the reason indicated by Sunrise. However, Leyes has put Sunrise on notice that she is seeking punitive damages with regard to Count I of her Complaint and Sunrise has failed to show that Leyes is not entitled to punitive damages on that Count. Count I of Leyes' Complaint remains to be adjudicated and Paragraph 18 of Count III applies to Count I of Leyes' Complaint.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirty-First day of May, 2005.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record